UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PINTCHIK ASSOCIATES LTD. ,

                Plaintiff,                         **Case #. 1:14-cv-03068-RJD-CLP**

        -against-                             **STIPULATION OF**
                                                                   **SETTLEMENT**
FOREVER YOGURT BROOKLYN, LLC and
FOREVER YOGURT HOLDINGS, LLC
236 Flatbush Avenue
Store and Partial Basement
Brooklyn, New York  11217,

                Defendants.
-------------------------------------------------------------------X

        WHEREAS Plaintiff PINTCHIK ASSOCIATES LTD.  ("Plaintiff") is the landlord of the premises hereinafter described;

        WHEREAS  Defendant  FOREVER  YOGURT  BROOKLYN,  LLC ("FYB") is Defendant of the subject premises and Defendant FOREVER YOGURT HOLDINGS, LLC ("FYH") is the guarantor of the lease more fully described below (collectively "Defendants");

        WHEREAS the subject premises are described as follows:  236 Flatbush Avenue, Brooklyn, New York 11217 ("the Building"), Store and Partial Basement ("the Premises");

        WHEREAS FYB occupied the Premises pursuant to a lease dated April 2, 2013 between Pintchik Associates Ltd. c/o Pintchik, as landlord, and Forever Yogurt Brooklyn, LLC, as tenant, ("the Lease");

        WHEREAS the term of the Lease was through April 30, 2026;

WHEREAS FYB stopped paying Landlord rent in September 2013;

WHEREAS Landlord served on FYB a Rent Demand dated October 2, 2013, which demanded payment of rent to Landlord on or before October 15, 2013;

WHEREAS FYB did not pay Landlord rent on or before October 15, 2013 or anytime thereafter;

WHEREAS on or around October 22, 2013, Landlord served on FYB a Notice of Petition and Petition entered by the Chief Clerk of the Kings County Civil Court on October 21, 2013;

WHEREAS a judgment was entered on March 10, 2014 by Hon. Robin S. Garson of the Kings County Civil Court awarding possession of the Premises to Landlord;

WHEREAS FYB was evicted from the Premises by New York City Marshal Robert Renzulli on or around March 28, 2014; and

WHEREAS in consideration of the mutual covenants and conditions contained herein and other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, Plaintiff and Defendants, hereby stipulate and agree as follows:

1. The Plaintiff contends that Defendants are indebted to Plaintiff in the amount of $145,318.66 ("the Arrears") as set forth below:

**Arrears Thru 7/1/14**

| DATE | ITEM | AMOUNT |
| --- | --- | --- |
| 9/1/2013 | Balance of Base Rent | $ 1,025.48 |
| 10/1/2013 | Base Rent | $ 11,000.00 |
| 11/1/2013 | Base Rent | $ 11,000.00 |
| 12/1/2013 | Base Rent | $ 11,000.00 |
| 1/1/2014 | Base Rent | $ 11,000.00 |
| 2/1/2014 | Base Rent | $ 11,000.00 |

| | | | |
|---|---|---|---:|
| 3/1/2014 | Base Rent | $ | 11,000.00 |
| 4/1/2014 | Base Rent | $ | 11,000.00 |
| 5/1/2014 | Base Rent | $ | 11,333.00 |
| 6/1/2014 | Base Rent | $ | 11,333.00 |
| 7/1/2014 | Base Rent | $ | 11,333.00 |
| 5/1/2014 | 9/1/2013 Late Fee | $ | 4,650.00 |
| 5/1/2014 | 10/1/2013 Late Fee | $ | 4,200.00 |
| 5/1/2014 | 11/1/2013 Late Fee | $ | 3,750.00 |
| 5/1/2014 | 12/1/2013 Late Fee | $ | 3,300.00 |
| 5/1/2014 | 1/1/2014 Late Fee | $ | 2,850.00 |
| 5/1/2014 | 2/1/2014 Late Fee | $ | 2,400.00 |
| 5/1/2014 | 3/1/2014 Late Fee | $ | 1,950.00 |
| 5/1/2014 | 4/1/2014 Late Fee | $ | 1,500.00 |
| 5/1/2014 | 5/1/2014 Late Fee | $ | 1,050.00 |
| 5/1/2014 | 6/1/2014 Late Fee | $ | 600.00 |
| 5/1/2014 | 7/1/2014 Late Fee | $ | 300.00 |
| September 2013 through present | Attorney's Fees | $ | 6,744.18 |
| | **TOTAL** | **$** | **145,318.66** |

2. The Defendants dispute that they have committed any act or omission giving rise to liability and/or violation of the law.  Further, the Defendants dispute the amount of the claimed indebtedness, however, the parties have agreed to amicably resolve this action, to its dismissal, with prejudice and to the exchange of releases, as hereinafter set forth.

   3. The parties agree to settle this proceeding as follows:

   (A) In consideration of settlement and timely payment set forth in herein:

    (a) Plaintiff agrees to accept from Defendants $33,000.00 in full settlement of the $145,318.66 Arrears (the "Settlement Amount"), which results in a $112,318.66 credit in Defendants' favor, in payments scheduled as follows:

| Payment Due Date | Payment Amount |
|---|---|
| Upon execution of this agreement | $2,750.00 |
| On or before September 1, 2014 | $2,750.00 |
| On or before October 1, 2014 | $2,750.00 |
| On or before November 1, 2014 | $2,750.00 |
| On or before December 1, 2014 | $2,750.00 |
| On or before January 1, 2015 | $2,750.00 |
| On or before February 1, 2015 | $2,750.00 |
| On or before March 1, 2015 | $2,750.00 |
| On or before April 1, 2015 | $2,750.00 |
| On or before May 1, 2015 | $2,750.00 |
| On or before June 1, 2015 | $2,750.00 |
| On or before July 1, 2015 | $2,750.00 |
| **Total** | **$33,000.00** |

(b)  upon execution of this Stipulation, any and all property, including any inventory, fixtures, equipment, installations, lines, conduits, inventory, counters, heating, ventilating, ducts, floors, flooring, ceilings, walls, partitions, lights, lamps or other like or unlike property remaining in, on, or about the Premises shall be deemed

|     |     |
| --- | --- |
|     | abandoned and may or shall be disposed of by Plaintiff at Plaintiff's sole discretion; and |
| (c) | upon execution of this Stipulation, the parties shall execute a "360-day conditional order of dismissal" whereby the parties agree to dismiss the instant action, with prejudice, however, for 360 days following the order, either party may apply by letter within the 360 day period for restoration of the action to the calendar, if a party alleges the other Party is in violation of this Stipulation, in which event the action will be restored.  Either party may file the executed 360-day conditional order of dismissal with the court. |
| (d) | The Settling Parties intend this Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by Plaintiffs. The Settling parties shall use their best efforts to consummate the Settlement. |
| (e) | In the event the Stipulation is terminated as described in ¶ 3 (c) the facts of this Stipulation shall not be admissible in any trial or proceeding. |
| (f) | Forever Yogurt FC, LLC, a business entity related to Defendants but not a party to the instant matter, |

hereby agrees that it is jointly and severally liable for all of Defendants obligations under this Stipulation.

3. Upon execution of this Stipulation, Plaintiff shall forfeit all claims to the security deposit in the amount of $11,000.00.

4. All sums due and owing by Defendants pursuant to this stipulation shall be made to Plaintiff either by check payable to Itkowitz PLLC or by wire transfer to the escrow account described below:

> Signature Bank
> Itkowitz PLLC
> Iola Attorney Trust Account
> 26 Broadway FL 21
> New York, NY 10004
> Routing # 026013576
> Account # 1501850833

5. If Defendants fail to pay a monthly installment of the Settlement Amount on the date it is due, Plaintiff and/or his attorneys shall email Defendant a message (i) stating that a payment was not made, (ii) naming the date the payment was due, and (iii) mentioning in the subject line or body of the email the phrase "Forever Yogurt Brooklyn" (the "Email Notice to Cure"). By way of example, the following Email Notice to Cure message is sufficient: "Forever Yogurt Brooklyn failed to make a payment on January 1, 2015." The email message shall be sent to the following emails: vedat@foreveryogurt.com and mandy@foreveryogurt.com.

6. Defendants shall have 15 days, starting from the date the Email Notice to Cure is sent by Plaintiff, to cure their failure to pay. If Defendants fail to cure

their non-payment of the Settlement Amount within 15 days from the date the Email Notice to Cure is sent:

    i. Defendant shall forfeit the credit described in ¶ 3 (A) of this Stipulation;

    ii. this matter may be restored to the Court's calendar by either party, upon written notice to the Court and to the other party; and

    iii. Plaintiff shall be entitled to litigate its claims for the full Arrears, less any amount paid by Defendant to Plaintiff pursuant to this Stipulation.

7. With the execution of this Stipulation the parties shall simultaneously execute general releases in a form reasonably acceptable to counsel (the "Releases"). Following the execution of the Stipulation, counsel for the respective parties shall hold their client's Releases in escrow. Upon the receipt of Defendant's final payment to Plaintiff of $2,750.00, the parties shall exchange Releases.

8. It is specifically agreed by and between the parties hereto **that time is of the essence** in connection with all of Defendant's obligations hereunder.

9. Notice required or otherwise made hereunder shall be given to the parties both in writing and by email simultaneously by all means specified as follows:

    To Plaintiff:

        ITKOWITZ PLLC
        Email (both):
        jitkowitz@itkowitz.com; and
        itilton@itkowitz.com
        26 Broadway, 21st Floor
        New York, New York 10004

To Defendants:

> Email: vedat@foreveryogurt.com
> Forever Yogurt
> Vedat Dardovski
> Director of Investor Relations
> 215 W Ohio St, Suite 1W
> Chicago, IL 60654

10. Both Parties shall indemnify the other for any and all damages sustained by the effected party as a result of other Party's failure to abide by the terms and conditions of this Stipulation, including but not limited to costs, disbursements, and reasonable attorneys' fees incurred by the effected party as a result of such failure.

11. Defendants agree to execute any other writings and/or documents reasonably necessary to effectuate the terms of this Stipulation, and further agree to appear in court upon 48 hours' notice, if such appearance is reasonably necessary to effectuate the terms of this Stipulation.

12. This Stipulation constitutes the entire agreement between the parties with respect to the subject matter thereof, and all agreements and/or understandings heretofore had between the parties with respect to the subject matter of this Stipulation are merged into the terms of the Stipulation and annexes hereto, except those set forth in this Stipulation.

13. Whether or not this Settlement is accepted by the Court, and whether or not this Settlement is consummated, neither the facts of Settlement nor any of its terms shall in anyway be construed or deemed evidence of, or an admission or concession on the part of the settling Defendant with respect to any claim the of fault or liability or damage whatsoever.

14. Defendants represent and warrant that Defendants have not relied upon any representation, express or implied, in entering into this Stipulation, except those set forth in this Stipulation.

15. This Stipulation may not be waived, amended, modified, or discharged, except by an agreement in writing signed by the party against whom such waiver, amendment, modification, or discharge is sought. No oral understanding or agreement shall be effective to waive, amend, modify, or discharge the terms and/or conditions of this Stipulation.

16. The acceptance by Plaintiff of partial performance of any of the terms and/or conditions of this Stipulation shall not constitute an agreement, expressed or otherwise, to modify, change, or amend this Stipulation, or constitute a waiver of or estoppel against Plaintiff's right to insist upon Defendants' full and timely performance of all the terms and/or conditions of this Stipulation.

17. The provisions of this Stipulation are intended to be for the sole benefit of the parties and their respective heirs, executors, administrators, successors, and assigns. None of the provisions of this Stipulation are intended to be nor shall any of such provisions be construed to be for the benefit of any third party. This Stipulation shall be binding upon and shall inure to the benefit of the parties and their respective heirs, executors, administrators, successors, and assigns.

18. Each of the Parties to this Agreement warrants and represents to the other that it has the power to enter into this Agreement and that the person executing this Agreement on its behalf has been authorized to do so by any and all appropriate corporate bodies. Each of the undersigned represents and warrants that he or she has the

authority and capacity to act on behalf of the entity on behalf of whom he/she signed this Agreement and bind it to the terms and conditions of this Agreement. All the terms and conditions of this Agreement shall be binding upon and inure to the benefit of the Parties' respective successors and assigns.

19. If any provision of this Stipulation shall be held to be contrary to law or invalid under the law of any jurisdiction, such illegality or invalidity shall not affect any other provisions of this Stipulation in any way, which other provisions shall nevertheless continue in full force and effect.

20. This Stipulation shall be construed without regard to any presumption or rule of construction to the effect that a written agreement shall be construed against the party that drafted such agreement.

21. This Stipulation may be filed with the Court by either party without further notice.

22. This Stipulation may be signed in separate counterparts and facsimile or PDF signatures shall be deemed to be original signatures for purposes of this stipulation and any notice required to be served pursuant to this Stipulation.

Dated: New York, New York
       August 21, 2014

       ITKOWITZ PLLC
       Attorneys for Plaintiff
       PINTCHIK ASSOCIATES LTD.

By: __/s/__ Jay B. Itkowitz
Jay B. Itkowitz (JBI-5349)
26 Broadway, 21st Floor
New York, New York 10004
(646) 822-1801
jitkowitz@itkowitz.com

        DEVERNA LAW
        Attorneys for Defendants and Forever Yogurt FC, LLC

By:   /s/ John Paul DeVerna
       John Paul DeVerna, Esq. (JD-4332)
       305 Broadway, 14th floor
       New York, NY 10007
       212.321.0025
       jpd@mynylawyer.com