UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
PINTCHIK ASSOCIATES LTD.,

                        Plaintiff,

-against-

FOREVER YOGURT BROOKLYN, LLC and
FOREVER YOGURT HOLDINGS, LLC
236 Flatbush Avenue
Store and Partial Basement
Brooklyn, New York 11217

                        Defendants.
---------------------------------------------------------- x

**REPORT AND RECOMMENDATION**
14 CV 3068 (RJD) (CLP)

**POLLAK, United States Magistrate Judge:**

On May 15, 2014, plaintiff Pintchik Associates Ltd. commenced this action against Forever Yogurt Brooklyn, LLC ("FYB") and Forever Yogurt Holdings, LLC ("FYH") (collectively, "defendants"), seeking to recover the amounts due and owing by defendants on a lease executed on April 2, 2013 between plaintiff, as landlord, and FYB, as tenant, and on a guaranty agreement dated April 2, 2013 between plaintiff, as landlord, and FYH, as guarantor, concerning FYB's obligations under the lease. (Compl.[1] ¶¶ 2-3).

On August 18, 2014, plaintiff notified the Court that the parties had reached a settlement in principal. Thereafter, on August 22, 2014, the parties submitted a stipulation of settlement, and on September 3, 2014, the Honorable Raymond J. Dearie Ordered that the case be dismissed and closed.

On January 5, 2016, plaintiff requested that the Court restore the case, alleging that since February 1, 2015, defendants have failed to make any payments pursuant to the settlement agreement.

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed on May 15, 2014.

(1/5/16 Pl.'s Ltr.[2] at 1). Plaintiff also asserts that on November 30, 2015, plaintiff sent a "Notice to Cure" to defendants, requesting them to cure the default within fifteen days. (Id.) Defendants failed to cure the default and remain in default of their obligations under the settlement agreement. (Id.) In light of this letter, the undersigned restored the matter to the docket on January 22, 2016 and scheduled a status conference.

Thereafter, on March 7, 2016, defendants' counsel filed a motion to withdraw. A hearing on the motion to withdraw was held before the undersigned on March 9, 2016. In light of the discussion at the hearing, the Court Ordered plaintiff to submit a motion to enter judgment in accordance with the settlement agreement and Ordered defendants' counsel to notify the Court if his clients consented to the entry of judgment against them. (Order[3] at 1). Further, the Court directed defendants' counsel to submit a sworn statement from his clients as to their position regarding the motion for counsel to withdraw. (Id.)

On March 11, 2016, plaintiff filed a motion to enter a judgment against defendants in the amount of $128,818.66. (Pl.'s Notice[4] at 1; Pl.'s Dec.[5] ¶ 19). In response, on March 25, 2016, defendants submitted a consent decree to plaintiff's motion to enter consent judgment, which was signed by Vedat Dardovski ("Dardovski"), defendants' authorized representative; the consent decree was also notarized. Specifically, Dardovski consents to plaintiff's motion to enter consent judgment

---

[2] Citations to "1/5/16 Pl.'s Ltr." refer to plaintiff's letter, dated January 5, 2016.

[3] Citations to "Order" refer to this Court's Order, dated March 9, 2016.

[4] Citation to "Pl.'s Notice" refers to plaintiff's Notice of Motion to Enter a Consent Judgment, dated March 11, 2016.

[5] Citation to "Pl.'s Dec." refers to plaintiff's Declaration of Jay B. Itkowitz in Support of Plaintiff Pintchik's Motion to Enter Consent Judgment, dated March 11, 2016.

2

in the amount of $128,818.66, inclusive of all fees, costs and disbursements. (Defs.' Reply[6] ¶ 9). Defendants also agree that plaintiff may enforce the judgment in any jurisdiction, without objection or defense by defendants. (Id. ¶ 10). Finally, on March 25, 2016, defendants' counsel submitted an executed and notarized consent to allow Deverna Law to withdraw as attorney for defendants. (See Consent[7] at 1).

In light of the foregoing, the Court respectfully recommends that plaintiff's motion to enter a judgment, which defendants have consented to, be granted in its entirety. The Court also respectfully recommends that defendants' counsel's motion to withdraw be granted.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report & Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
April 13, 2016

/s/ Cheryl Pollak

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

---

[6]Citations to "Defs.' Reply" refer to defendants' Consent Decree to Plaintiff's Motion to Enter Consent Judgment, dated March 25, 2016.

[7]Citation to "Consent" refers to defendants' Consent to Allow Deverna Law to Withdraw as Attorney, dated March 25, 2016.